UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**Tracy Wang**,

        Plaintiff,

v.

**Unknown**,

        Defendants.

Civil Case No. 3:12-CV-01858-KI

OPINION AND ORDER

Tracy Wang
16055 SW Walker Rd. 182
Beaverton, OR 97006

    *Pro Se* Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Tracy Wang has filed a Complaint against unknown parties with the address of 1020 SW 170th Ave. #200, Beaverton, OR 97006, alleging only "1st Amendment–Invasion of Privacy (at home)" without any statement of facts in support of her claim. She has also filed an Application to Proceed *In Forma Pauperis* [1] and a Motion for Appointment of Pro Bono Counsel [3].

I have reviewed Wang's complaint and I conclude that it fails to state a claim.

Notwithstanding a plaintiff's indigence, the Court must subject each civil action commenced pursuant to the *informa pauperis* statute to mandatory screening and order the *sua sponte* dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

Here, Wang has failed to allege any facts showing that she is entitled to relief and has failed to set forth the relief she seeks. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (quotation omitted) (plaintiff must allege the "grounds" of his "entitlement to relief" and must state "enough facts to state a claim to relief that is plausible on its face"). Indeed, the Federal Rules of Civil Procedure require a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and

plain statement of the claim must give the defendant fair notice of what the claim is. Twombly, 550 U.S. at 555. Wang has failed to do that in her complaint.

Furthermore, Wang has identified a cause of action under the First Amendment against unknown defendants with a private address that appears to be a condominium. Wang is counseled that the First Amendment generally constrains only the government and not a private entity. Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982).

As for Wang's motion for appointment of counsel, there is generally no constitutional right to counsel in a civil case. United States v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1) (formerly § 1915(d)),[1] this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. $292,888.04, 54 F.3d at 569; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). I see no exceptional circumstances warranting an effort by the court to obtain volunteer counsel for plaintiff. The very minimal allegations contained in the complaint do not demonstrate a strong likelihood of success on the merits. I deny the motion for appointment of counsel.

The court should allow a pro se plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). With no factual assertions, no named defendant, and no remedy

---

[1] The text of 28 U.S.C. § 1915(e)(1) reads "[t]he court may request an attorney to represent any person unable to afford counsel."

Page 3 - OPINION AND ORDER

requested, it is impossible for me to make a determination of futility. Accordingly, Wang has 30 days from the date of this order to file an amended complaint.

## CONCLUSION

The application to proceed *in forma pauperis* [1] is granted, but the Motion for Appointment of Pro Bono Counsel [3] is denied and this action is dismissed without prejudice with leave to amend within thirty days of the date of this order. In the event Wang fails to file such an amended complaint, the case will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED this ___30th___ day of October, 2012.


        /s/ Garr M. King
        Garr M. King
        United States District Judge