UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**Tracy Wang**,

    Plaintiff,

v.

**1020 SW 170th Ave. #200, 203 Beaverton, OR**,

    Defendants.

Civil Case No. 3:12-CV-01858-KI

OPINION AND ORDER

  Tracy Wang
  16055 SW Walker Rd. 182
  Beaverton, OR 97006

    *Pro Se* Plaintiff

KING, Judge:

  On October 16, 2012, plaintiff Tracy Wang filed a Complaint against unknown parties with the address of 1020 SW 170th Ave. #200, Beaverton, OR 97006, alleging only "1st

Page 1 - OPINION AND ORDER

Amendment–Invasion of Privacy (at home)" without any statement of facts in support of her claim. On October 30, 2012, I granted her Application to Proceed *In Forma Pauperis*, denied her Motion for Appointment of Pro Bono Counsel, and dismissed her complaint without prejudice. I granted her leave to file an amended complaint within thirty days of the date of the Order.

Wang has now filed a document entitled "Narrative facts." I have reviewed Wang's complaint and I conclude that it fails to identify a proper basis for this court's jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Wang's three-page single space narrative describes all of the places she used to live, and all of the noisy neighbors who prompted her to move. She reports she has lived in twelve places over nine years. She suggests a "conspiracy between the landlords that staff or the next extremely noisy group is in an adjoining . . . unit to mine." Narrative facts 2. She asks that I give notice to her current neighbors to move, or at least notice to prohibit them from communicating through her walls day and night.

For purposes of diversity jurisdiction, Wang's citizenship must differ from defendants'

citizenship, and the matter in controversy must exceed $75,000.  Wang fails to identify the citizenship of the parties.  Nevertheless, her address is in Oregon and she appears to be attempting to sue neighbors who also live in Oregon.  Wang does not allege any damage from the defendants' actions.  She cannot base this court's jurisdiction on diversity.

As for federal question jurisdiction, no claim brought by Wang involves any application of federal constitutional or statutory law.  See Murphey v. Lanier, 204 F.3d 911, 912 (9th Cir. 2000) (generally if federal law creates the cause of action, federal jurisdiction exists).  Moreover, Wang does not allege facts supporting a constitutional violation or that any conduct was taken under color of state law within the meaning of Section 1983.  Private parties do not generally act under color of state law, Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991), and Wang does not allege any conduct on defendants' part which suggests that defendants' actions were state actions.

The existence of federal subject matter jurisdiction must be apparent on the face of the complaint.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  Since this court lacks federal subject matter jurisdiction, and since Wang cannot cure this defect, her case is dismissed without prejudice and without leave to amend.

///

///

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this     20th     day of November, 2012.


      /s/ Garr M. King
     Garr M. King
     United States District Judge